Next case is 05-1314 Applied Medical v. US Surgical Corp Mr. Ray, whenever you're ready Thank you, Your Honor. May it please the Court This is a very narrow and focused appeal And in this case revolves around a single means plus function limitation of one claim However, we went into this case with a lot of procedural history and a lot of prior litigation between the parties And in this case, we I think the Court's familiar with the history and the various roads that have been taken by the parties Why don't you concentrate on telling us why the judge below made the mistake in attempting to interpret the 112-6 weight test Correct Because of the prior litigation We went into this case with collateral estoppel as to what the structure was that corresponded to the means plus function It was the ring, the lever, and the teeth The district court said there were two problems on the way One, that the support was at the outer edge rather than in the middle And he said that under the accused device, it didn't deform the outer portion of the back Those are my understandings Am I understanding correct? That's a fair characterization I'd like to address each of those I looked in Sheehan's affidavit to see whether he addressed either of those two questions And I don't see it So you might consider showing me where I'm wrong about that That's an excellent question. I'd be more than happy to The reason Sheehan, of course, did not address the deformation Because the deformation does not relate to the support means Mr. Sheehan wrote his declaration knowing that we were bound by the structure already identified that corresponded to the means plus function And the outer deformation of the seal has nothing whatsoever to do with the support function So of course Mr. Sheehan But it has to do with the float function, right? But not the means for supporting to permit it to float That was the mistake the district court made That is correct Yes, it does assist in floating of the valve portions But has nothing to do with the means for supporting We only have a single means plus function clause before the court Not two separate means plus functions If the claim had read means for supporting and means for floating Then I would understand the criticism that you just What's the difference between means for floating and permitting the floating? Support for permitting the floating Because the difference is we only have a single means clause So we have one structure that must both support to permit the float If we had a means for supporting, we'd have one structure And a means for permitting to float Oh, then we could look to all of the structure that assist in the floating function We'd have two separate structures That's not what the claim says The claim is a single means plus function Where the structure has already been identified by virtue of prior litigation And the prior structure has nothing whatsoever to do with the deformation Okay, so if I understand you correctly What you're saying is Sheehan didn't address the two things that the district court relied on The deformation and the gripping at the outer edge He didn't address those And that's okay because those are irrelevant Well, I want to address the second criticism And that is where does it grant? The specification shows that it can But he doesn't address the deformation issue, right? That's correct He doesn't address that for the reasons I just explained Okay, does he address the outer edge issue?  But the outer edge issue We must remember that the specification And this is the criticism I had with your second criticism The specification does show that the grabbing can occur either in the inner or the outer And we cited that in our brief in the specification I'm more than happy to give you the citation So the embodiment does show that it can grab it in the inner or the outer portion I understand the argument about the specification I was asking specifically about Sheehan's affidavit He doesn't address this question He does address in paragraph 43 Why he thinks the deformation is irrelevant That's paragraph 43 The support issue is addressed in paragraph 38 and 37 These are the critical paragraphs where he gets into the way And he does contrast in paragraphs 37 and 38 The difference between how the two devices support the valve portions On JA 753, paragraph 37 He's showing how the valve portions are supported by the levers sitting in the angular recess of the housing But the specific question I'm asking is Where does—you agree he doesn't address the deformation He says it's irrelevant That's correct Right. Where does he address the support at the outer edge? And where does he say that this Q device does it in an equivalent way? The trouble with that, Your Honor He does not because he doesn't need to No, that's okay. I understand. I mean, that's fine You're saying that that's not a requirement That the district court made a mistake I'm just trying to find out that if the district court was correct In saying there had to be support at the outer edge, there had to be deformation Sheehan doesn't address that The district court was incorrect thinking that was a requirement. That's correct But if it is correct, he doesn't address it That is correct Okay But I need, before we leave this discussion The reason why Sheehan didn't address the location Is because the specification in the second embodiment shows I understand That it can be in either location So you wouldn't say it's equivalent to where the two embodiments are shown in column four Let me just go back to when we were talking about the history And you say there's collateral estoppel with respect to the structure So what are the parameters of the claim construction going on now? The There were claim construction issues here before this court, right? They accepted for purposes of summary judgment your claim construction That's correct Okay, so now we're So we're collaterally estopped with respect to the structure That's correct Okay So this, the Sheehan declaration Was adopted by the district court for purposes of claim construction For purposes of showing that the structure was identical That the claim read on the accused device The judge agreed that the declaration shows that there was at least a genuine issue with regard to the result So we're just down to the way the corresponding structure satisfies the disclosed structure That's it We're down to the reasons that you lost before the district court That's it Correct And reading their brief it looks like they're the ones appealing That's the only issue we present And The district court's opinion Which we really wish Is really He never acknowledges That the way it floats Is the ring in the annular recess There's no doubt By the patent By the previous litigation That the flotation is caused by the ring moving in the annular recess With the pivoting levers Never mentioned in the district court's opinion His opinion is exclusively relying upon the deformation Which isn't even the structure at issue So you're saying he purported to accept your claim construction And all of this for purposes of his analysis But he really didn't do that Correct because Their analysis, U.S. Surgical's analysis They proposed really relied upon them succeeding on the claim construction But they didn't So in this court The way the opinions are written You submit the opinion on diskette And the opinion was really written by U.S. Surgical And the district court just crosses out what he doesn't adopt And they of course advanced A view of the invention With the assumption that they would win on claim construction But they didn't win on claim construction We won on claim construction We also won on the fact that function Read on the accused device But then the analysis Came from their briefs, came from their proposed opinion Which didn't match the claim construction But preceding that There was a minute order where the judge did accept your claim construction So they knew that at the time Did they not or did the minute order follow Those submissions The minute order Yes, had the basic point about the defamation Yes, that is correct But then the opinion came And the criticism of Sheen's declaration Begins Thinking that there has to be particularized testimony And linking argument Which is a doctrine of equivalence requirement And it was through that lens That the district court then said Well this is not linking argument Or particularized testimony Well whether, I mean it's not, there isn't any linking argument on these two points The question is whether the district court was correct About the two points As to the outer edge You say well that's contradicted by the specification I understand that argument As to the defamation Is there anything in the specification That says defamation isn't required I looked at the specification It seems to me it says that defamation is required Well, required by what Not by the means function at issue We have the means for supporting Where does the specification say Defamation is not required I can't answer that question Because the specification doesn't know That we're going to be construing a single means clause In claim 18 With the claim The starting point in this case Is that we already have the structure Identified Now, what's required Is that there be movement That the orifice be supported And that it move and float To eliminate Or minimize defamation Of the orifice That's the point of the invention Well, that it's going to float By deforming the outer portion Incorrect Well, that's incorrect Yes, that assists in the floating But that has nothing to do with What the support means, that's at issue You could eliminate the defamation Eliminate the outer portions And wouldn't the orifice still be supported And wouldn't it still float But if you don't eliminate it, it can't float, correct I mean, if you've got If the portions are there And they don't deform Then there's no floating Well, if they're so tight Or taut That it would prevent the floating Well, they either can deform Or they can't deform Well, my point is If they're eliminated altogether, it would still float Right, but I'm talking about when they're not eliminated If they exist Then they need to deform I mean, that's necessary in order to accomplish the floating Assuming they're there Yes, but what does that have to do With the needs for supporting But if they're not there, then the whole thing doesn't work Right Because there's no closure, right I mean, you say there are alternatives If those portions of the valve The outer portions don't exist That's when they don't have to deform That's correct But if they don't exist, this doesn't work right No, well, what wouldn't work would be the seal to the housing Which is not the means closet issue We're now talking about how The septum seal attaches to the housing But that has nothing to do with the means of supporting But the orifice wouldn't float Back and forth without deformation Right Judge Dike, I'm going to assume that I'll assume that If it doesn't deform And it was very, very tight It wouldn't float But that structure Is not before the court The structure that we're looking at Is how does the orifice float By the support means And the support means Was the ring lever and the teeth So You're talking about how the septum seal Is attached to the housing While it's floating Oh, yes, then there must be extra material There must be some deformation But that's still unnecessary under the claim language Pardon, Judge? That's unnecessary under the claim language, isn't it? That's correct. I don't see inner, outer portions in the claim language There's none of that in the claim language They need you to think That deformation is in this claim But is it in the means clause? Well, the deformation is not in the clause But it's in the structure Isn't it? No We now have a joined issue The answer is no It is not in the identified structure Where Mr. Sheehan We'll strike the word identified for a moment It is in the structure Described in the figures and specifications Yes, but what structure? It has to be in the corresponding structure Run to 112 paragraph 6 And it's not in the corresponding structure And what they The US Surgical is really doing Is looking at the whole invention Really doing a doctrinal equivalence analysis But we have a literal read on here As a matter of law Based on Mr. Sheehan's declaration Mr. Sheehan's declaration Is more than enough to raise a genuine issue  If this testimony Was given before a jury There's little question in my mind It would be substantial evidence Under 112 paragraph 6 I'd like to save the rest of my time For literal infringement That's correct Thank you Thank you Mr. Ray Mr. Bartlett We'll restore three minutes of your time Mr. Ray Thank you Mr. Bartlett Will your Honor the court please Mr. Bartlett Sir Let me address You didn't like the district court's decision And it takes you to page 39 of the brief To get to defending what the district court decided And you don't like it We liked it sir, it was de novo And we've treated it that way But we liked it, obviously We usually look first at Whether the district court made a mistake or not Yes sir, you're right You think the district court made a mistake No sir, I thought it was a good clear brief And made sense And I'll address the defamation point Counsel said that The defamation really wasn't part of the structure I think is what he said Now if we look at column 10 I think he said the defamation was not part of the claim It's not part of the claim But it's part of the structure It's part of the way the floating is done And what column 10 Line 59 to 63 says Is that the Instruments in the ring lever's teeth Contact the levers And thereby provide the Desired defamation Of the outer portions Without deforming the inner portions Column 2 The specification says It moves the inner portions laterally but undeformed As the outer portions are stretched And at Column 10 line 46 It talks about stretching the outer portions While compressing the inner portions To allow the red Pink Foul portions to move undeformed That's the specification Says three different times The defamation is necessary But the structure We're operating under the Claim construction from Virginia And that structure is ring Teeth and levers Yes it is That is the structure Which does the supporting And allows the floating And how does that Necessarily include the deformation Of the outer part Because the structure Which is involved The ring lever's teeth We see On the ring lever's teeth drawing We see that There's a red pink foul portions In the center We see that the Column 4 line 66 Says that the blue teeth Come down and engage The circular lip About its circumference Then it says where the lip Is engaged And column 2 line 46 says The levers engage the valve In proximity to the orifice That answers the question Judge Dyke that you had About could this Could it be held at the edge Like our blue valve Is held all around the edge But the specification requires That the support function The way the support function is done Is it's held On those tooth members On the members Is what the specification says And it has to be in proximity To the orifice In our device it's not on anything There isn't any valve portions And it's not in proximity To the orifice And where's the proximity To the orifice language That's column 2 lines 46 Through 47 Just to follow on that Maybe I'm mixing apples and oranges But the district court accepted The claim construction For the other side on valve portions And the claim construction On valve portions were portions That define the orifice Just as the As claim 18 says It talks about an entire valve That would be the whole valve Then it talks about something Less than the entire valve The portions of the valve Defining an orifice But that's what we're talking about Then in the final paragraph So that we know the draftsman Knew how to define the entire valve We knew the draftsman knew How to define less than the entire valve As the portions defining an orifice The functions we're talking about The supporting functions Apply to the valve portions Not to the entire valve If we look at our blue valve It holds our blue valve Around the perimeter Or around the circumference So in fact it supports the entire valve Now that what the draftsman Could have done And the counsel says well Isn't it a fortiori That if you support the entire valve You support everything in Well the claim language doesn't say that Because you could have had The claim language say Supports the valve And maybe then It would apply to the entire blue valve But specifically the support function The function Applies specifically to a valve portions We know That there is no separate Valve portions in our valve We know that Because we know how valve portions Is described in the specification Judge Garrison you pointed out Inner portions which moves and that does not define Outer portions which are deformed So we know we don't have a valve portions We know the function here applies To a valve portions We don't have it so we said initially Gee the function is not identical That's an issue of law for the court The trial judge said basically I'll go with the plaintiffs on that I'm focusing on way I believe the way is different And he said the way is different For two reasons It's different because of the way it's supported Now counsel said gee excuse me Counsel said if we look in column four We see that the lip there Could be disposed In either the inner or outer portions And counsel didn't quote that But to be fair that's what was in the brief And the brief said well gee If the lip Could be anywhere in the green Outer portions maybe that means It could be out at the perimeter But judge Post you pointed out That if it was at the perimeter it wouldn't work Because it has to be at some place Sufficient to create An inner red portion Which does not deform It floats back and forth with the instrument So it doesn't cat eye when the surgeon Turns the device And an outer portion which deforms Allowing the inner portions to move Now we get further Elucidation then On what the valve includes a lip Which may be disposed in the inner Or outer portions because it has to be In proximity to the orifice We know that And we know that the inner portions The red part has to be supported On the tooth members So we see that and of course that's Pretty clear because we know the device Would not work it would not be Mechanical separation Is what you're saying That The specification language They're relying on says that It could be in the green or the red But that other portions of this Say that it has to be Proximate the orifice Yes sir absolutely yes sir So you say it could be in the green But it would have to be in the green Proximate the orifice Yes sir otherwise you don't have the mechanical separation Into two portions Which our one piece blue valve does not have Our blue valve of course is The purpose of this was to avoid the instrument Coming through and putting a hole in the Balloon like very thin Ring lever's teeth valve We have a heavily reinforced Nylon other kinds of Reinforcements in there so the instrument In our device can actually hit the valve But it's still a membrane isn't it It's really not a membrane your honor Well what is it It's a if you were to look at it It would sort of be like a rubberized Like the socks you wear only rubberized It's not thin like a The RLT device Is like a balloon over the top Of a mason jar and if you put The instrument down through the balloon It would poke a hole in it If you put it in the center and pulled it it would cateye Ours doesn't do that You can come down on the blue valve And you can actually Push hard on it It might go through if you come in Perpendicular but if you come in at an angle You can wiggle it around And the surgeon could work his instrument in there We avoid the two problems That the patent in column one Addresses in a totally different way Than they do They have a mechanically separated Two portions valve The inner portions is protected Entirely isolated indeed the language says From the off axis forces of the instruments If we get off axis forces It's not entirely isolated It hits it and the surgeon Fiddles around Fiddles around until the surgeon Gets the device down into the orifice Not if you're the patient at least I was surprised to learn You may have five or six of these in you When the surgery is done At any rate We said originally On the functions part That we can't You can't satisfy the identical function Of supporting a valve Portions When we don't have a valve portions And we said you can't satisfy The identical function Of supporting a valve portions When the entire valve is supported Even if one argument If I understand correctly The district court didn't adopt that argument The district court said It did not adopt that argument So stick with for the moment Stick with the argument You keep trying to get away From what the district court said The district court said That it's not the same way Because it's at the outer periphery You pointed out That the specification says It has to be proximate to the orifice Now deal with their argument That deformation Isn't part If I understand it correctly Isn't part of the Supporting Means It's part of the floating means Well are you saying That there's a two separate Means functions here Yes sir I'm saying there's a means For supporting the valve portions And a means But these supporting means Permitting the valve portions To float They're not separate means There's one means with two functions Yes sir same means with two functions The first function is to support The valve portions Ours doesn't we don't have a valve portions The second means Don't you have a blue valve there Yes sir we have one blue valve We don't have two portions It's one valve Yes sir And as I pointed out earlier Didn't the district court agree That valve portions Had to be different from the entire valve Yes sir In this respect You're not quarreling with what the district court says No sir The district court says that the valve portion Is the inner Material Yes sir and Mr. Ray said That you can't look at the claim And see that it's a two portion valve But of course you can Because we see that there's A valve and then there's Portions of the valve So at least that's A valve portions and whatever Isn't portions But the portions of the valve Are still defining the orifice That's right The portions of the valve define the orifice And doesn't your blue valve define The orifice The blue valve has an orifice In it but there's no Separate valve portions We see here we have a It was all agreed by the expert and everybody That the red part is the separate Valve portions There isn't a separate valve portions That doesn't deform In contrast to an outer portions Which does deform in our device But again I say even If you were to assume arguendum That there could be some little area Around the orifice that one might Want to call a valve portions Our blue valve doesn't do any Function with regard to the Valve portions it does the Function with regard to the entire valve As Judge Dyke pointed out Initially it holds it Around the perimeter Expert Sheehan never responds To that expert Sheehan never says To someone skilled in the art There's no difference between a one part Valve and a two part valve because Expert Sheehan never says Holding it at the perimeter of the entire valve Is to one skilled in the art A trivial difference between Holding the valve portions They admit that and Sheehan doesn't say that Their whole reliance is that That the supporting The supporting Means Doesn't require deformation And their argument With respect to the periphery Is that the specification Specifically in their View says that it doesn't Have to be at the periphery Yes sir and my answer to the second point Is column 2 line 46 Through 47 it says It has to be engaged in proximity To it can't be out at the Perimeter it specifically says that My answer to your honors first question About deformation being Unneeded are the sites I gave From column 2 lines 19 through 24 Column 10 lines 59 Through 63 and column 10 lines 46 through 49 Which repeatedly talk about The desired deformation Of the outer portions Without deforming the inner Portions but can we look back at this language In claim 18 and tell me where We see deformation in claim 18 We don't And when it talks about the value Portions we've already agreed The judge found that the valve Portions mean the portions defining Orifice correct yes so if You put that language in for Valve portions when you talk about Supporting Blah blah blah to Permit the Portions of the valve defining Orifice to float yes Why do where do we get From that okay here's how we get there Okay we we know From looking at this there's a valve And then there's portions of a valve We're entitled to look at the Specification not to Read additional restrictions or limitations Into the claim but to Determine if we want to know what Valve portions mean but the Judge concluded the judge defined Valve portions he accepts the purposes Of summary judgment where we are He accepted that there's two Portions that The portions of the valve defining Orifice is what we mean by the term Valve portions yes and he also talks about The outer portions the green portions You need both the inner portions And the outer portions to make the Ring livers teeth work that's why they talk About the desired deformation So let me understand that What you're saying is that the Valve portions that is the inner portion Is allowed to float back and forth Because The structure provides For deformation of the outer portion Yes sir That's what I'm saying And I'm saying that Nowhere do Any of these differences the trial Court called these objectively Demonstrable differences The trial court said that his Emissions were understandable Mr. Sheen's emissions were Understandable because there is No objectively demonstrable Similarity Between the gimbal And the ring livers teeth situation It's a two portions valve versus A one part valve There's no nothing happens To different parts of the blue valve It's all moved Rotated rocked at once In a rocking action Versus this device that comes in And protects the red part While the outer part deforms Time's up Any more questions Thank you Mr. Portland Mr. Ray you have three minutes Mr. Ray Mr. Ray The language I was just looking at The supporting means being movable Relative to the housing If I understand correctly The supporting means is movable Relative to the housing Because of the deformation So why isn't that Saying the supporting means being movable To the housing through deformation To permit the valve portions to Float Great question I'll take you to The plain language of the spec The floating Throughout the spec Is referring to the floating ring That floating ring Would float Regardless of the deformation Now this What does that mean I don't understand that What I'm trying to focus the report on Is the structure that corresponds To the support means We don't look at how does it accomplish Floating That's not I'm going to get the tape and listen But I think Mr. Bartlett admitted To this panel That he was referring to Oh no this is the floating not the supporting He did exactly what I said They were doing and that is Means for supporting Means for floating But the support means must Also do the floating The floating is a subset of the Identifying the corresponding structure But the point is it says that support means Being movable relative to the housing The reason that support means Is movable relative to the housing Is because of the deformation Is it not Not Nothing of record to support what you just said By either of the declarants And the specification answers That the floating The movement Is caused by The yellow ring The blue levers Attached to the central Right here This is the movement Movement in the angular recess And the patent says floating rings I can count this at least a dozen times It refers to the floating rings And the floating levers There's nothing about The word floating associated With the green Which I think your question is getting to We have to stick with the identified structure Now if this court thinks You know The identified structure was too narrow Well now we're Attacking the very premise of Mr. Sheehan's Declaration He started his declaration with a firm understanding That he had to focus On the ring Pivoting levers, the pivot also causes motion The movement of the floating ring And the lever Attached to the demon And the spec says that this attachment Can occur in the outer Inner or outer portion Let me ask you a different question The specification again and again Talks about deformation It says it's important to the invention If the deformation Isn't described here In this claim limitation Where is it described in the claim? Well first in this claim The deformation is not in this claim And Mr. Butler admitted that There's nothing in the claim about deformation Well no no he says it's not specifically referenced He says it's part of the structure The structure that this means Is referring to Well but it isn't I understand you differ about that But I come back to my question Where in this claim Is there reference To deformation if it's not In this last part In other words deformation has nothing to do with this claim In your view Correct Which claim does it have to do with Oh many of the claims In fact you're referring to The first embodiment There's two major embodiments in this pattern One where the support means Is caused by the outer portions of the valve That's called the bunk embodiment Or the excess material embodiment They are treating the two embodiments As if they work the same way So you're suggesting that there's no language In the specification saying that there's deformation Under the ring lever's teeth embodiment No that's not what I said Ok so there is It does describe deformation In connection with the ring lever's teeth embodiment Oh yes But it's got nothing to do with the support means But that deformation Doesn't find its way into the claim It's not part of the claim according to you That's correct And I will show you That the way they're trying to get Into the claim is page 29 of their brief And it all comes to valve portions And they said Oh we agree with the district court's construction Of valve portions No they don't They say they do on page 29 As the district court properly concluded Valve portions is a shorthand phrase For portions of the valve defining an orifice Sounds like we're in agreement Then they add a sentence on page 29 Middle of their brief With the following sentence In other words Valve portion refers specifically to inner portions Of the septum with functionally distinct Inner and outer portions They knew that they had to redefine that claim Redefine valve portions In order to read into This whole concept of inner and outer And now they can talk about the outer But I'm still I'm still concerned about This deformation Which seems to be very important In the specification Sort of disappearing Is something that's pertinent to the claim It's not disappearing Because you still have a flexible valve Disposed across the channel That's up here And sealing to the housing But your view is that deformation is not a requirement Of this claim It's definitely not a requirement Of the means bus function for supporting Is that a requirement? Any other aspect of the claim? Well, arguably, in order to have a moving orifice And it Run across the channel To make a seal to the housing Well now you have something moving in the middle And attached to the housing Well, if you have something moving in the middle And attached to the housing Arguably some deformation could be In this elastomeric properties Up here in this limitation This isn't even an issue I understand your point That that seems to be an important part of the invention As a whole If we're talking doctrinal equivalence I would understand that debate But what I can't understand is How could it be part of the means disposed Means for supporting It clearly doesn't support If it doesn't support It can't be part of that structure Particularly when we have an identified structure Thank you Thank you Mr. Ray Case is submitted